**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KARL FREDERICK VINSON,

        Petitioner,                Case No. 05-CV-72425-DT

v.

MICHIGAN PAROLE BOARD,

        Respondent.
                                   /

**OPINION AND ORDER DENYING PETITIONER'S**
**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Karl Frederick Vinson has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Robert Cotton Correctional Facility in Jackson, Michigan, challenges the Michigan Parole Board's (MPB's) denial of parole. For the reasons set forth below, the court will deny the petition.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct and breaking and entering an occupied dwelling with intent to commit criminal sexual conduct. On May 29, 1986, he was sentenced to ten to fifty years imprisonment for the criminal sexual conduct conviction and five to fifteen years imprisonment for the breaking and entering conviction.

In his petition, Petitioner challenges the MPB's refusal to release him on parole. Petitioner claims that the denial of parole violates his state and federal constitutional rights because it violates the Double Jeopardy Clause and his Fifth Amendment right to be free from compelled self-incrimination.

Most recently, the MPB denied Petitioner release on parole on January 5, 2004, and determined that he would be reconsidered for parole in twenty-four months.  The MPB cited the following factors in support of its decision: the crime involved a criminal sexual assault on a nine-year-old victim and Petitioner denied committing the offense, thus refusing to take responsibility for his behavior.

First, Petitioner argues that the MPB violated his Fifth Amendment right to be free from compelled self-incrimination by considering his claim of innocence in reaching its parole decision.  "States may award . . . early parole for inmates who accept responsibility because silence in these circumstances does not automatically mean the parole board, which considers other factors as well, will deny them parole."  *McKune v. Lile*, 536 U.S. 24, 44 (2002) (Kennedy, J. plurality opinion).  In reaching this decision, Justice Kennedy noted that "[a]cceptance of responsibility is the beginning of rehabilitation.  And a recognition that there are rewards for those who attempt to reform is a vital and necessary step toward completion."  *Id.* at 47.  The Sixth Circuit Court of Appeals has held that a parole board's consideration of a prisoner's willingness to accept responsibility for committing a crime does not violate the Fifth Amendment.  *Hawkins v. Morse*, 1999 WL 1023780, at * 2 (6th Cir. Nov. 4, 1999).  *Accord Thorpe v. Grillo*, 80 Fed. Appx. 215, 219 (3d Cir. Oct. 31, 2003) (holding that even if an inmate's refusal to admit guilt has a negative impact on his parole decision, it does not violate his Fifth Amendment rights unless it "extend[s] his term of his incarceration or automatically deprive[s] him of consideration for parole").  The Court, therefore, finds that the MPB's

consideration of Petitioner's refusal to accept responsibility for his crime does not violate his Fifth Amendment rights.

Second, Petitioner claims that the denial of parole violated his right to be free from twice being placed in jeopardy for the same offense. "Parole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause." *Ellick v. Perez*, 27 Fed. Appx. 489, 490 (6th Cir. 2001); *see also Stewart v. Flintoft*, 2002 WL 31748842, * 3 (E.D. Mich. 2002) (holding that parole denial does not implicate the Double Jeopardy Clause because it does not extend sentence beyond original term imposed by court). Thus, Petitioner is not entitled to relief on this claim.

Petitioner also claims that the MPB's denial of parole violated the Michigan Constitution. The court may not grant the writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (holding that "'federal habeas corpus review does not lie for errors of state law.'") *quoting Louis v. Jeffers*, 497 U.S. 764, 780 (1990). Therefore, Petitioner's claims regarding violations of state law may not form a basis for federal habeas corpus relief.

Accordingly, IT IS ORDERED that Petitioner's petition for a writ of habeas corpus [Dkt. #1] is DENIED and the matter is DISMISSED WITH PREJUDICE.

   S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 9, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 9, 2006, by electronic and/or ordinary mail.

                                            S/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522